Judge Nicholas
delivered the opinion of the cou’t*
The Bank sued Ray, Hascall, and Basham, on a note executed by them to the Bank, as sureties, with Absalom Carr as principal.
It appeared in evidence, that after the falling due of this note, a note signed by Hascall and one John *273 Carr, and purporting to be signed by Ray, was presented at Bank, to take up the note sued on, that it was received and the note sued on marked in the books of the bank as renewed by the other. In suit brought by the bank on the second note, it was abated as to John Carr, the defendant Ray discharged on the plea of non est factum, and judgment by default taken against Ha«eali, on which execution was issued, and part of the money made. On this state of case, the plaintiffs moved the court to instruct the jury:
a renewal note there is executed to ”n<dudes'^ne new obligor, and drops two of theorie;in obligors, notice that gerj\Sthe°r" bank brings one'l'0f the obligors, 1-3„es„jeou' ^ake^part of the ..onev, decided that couhTn'ot thereafter recover inn suit
That if they believed from the evidence, that the note discounted in lieu of the note sued on, was a forgery as to any of the sureties, and that any of them were discharged under the plea of non est factum, it was no payment, and they must find for the plaintiffs.
This instruction the court refused to give, but at the instance of the defendants, gavethe following:
If the jury believe, from the evidence, that after the note sued on was given, the bank received said second note, as a renewal of the first, in payment thereof, and after they were notified the second note was-a forgery as to Ray, obtained judgment against Hascall, issued a fi. fa. thereon, and made part of the money, they must find for the defendants.
A verdict and judgment were rendered in favor of the defendants, and the bank now alleges error in the giving and refusal of said instructions.
We have been referred to the case of the Bank vs. Letcher, III. J. J. Mar. 195, as proving the error complained of. That case is wholly unlike this. .There the note given in renewal, was or purported to have been executed, hv all the parties to the first note-and none other. Here there is not only a new party to the second note, two of the original parties dropped, but suit is brought, and after notice of the forgery, judgment taken, execution issued, and part of the money made out of one of the parties to the second. The two cases have scarcely a feature in cotmnon. Which, if any of the various cireumStances enumerated in this cáse, would singly amount *274 ¿6 a discharge of the note sued on, we will not Say'i but, taking them all together, we have no hesitation in saving that they amounted to a payment and clis'charge of the first note.
Crittenden, for plaintiffs.
Wherefore, judgment is affirmed.